UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL G. ATAMIAN, MD, MSEE, JD,<br><br>              Plaintiff,<br><br>       v.<br><br>ALAN SIMPSON, individually and his official capacity of the Judge of Fresno County Superior Court, et al.,<br><br>              Defendants. | 1:08-cv-01278-AWI-SMS<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (DOC. 2)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND FOR LACK OF SUBJECT MATTER JURISDICTION |

Plaintiff is proceeding pro se with an action for injunctive and declaratory relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. Application to Proceeed in Forma Pauperis

Plaintiff filed an application to proceed in forma pauperis on August 29, 2008. Plaintiff has submitted a declaration and attachments that make the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis IS GRANTED. 28 U.S.C. § 1915(a).

1

II. <u>Screening the Complaint</u>

    A. <u>Legal Standards</u>

In cases wherein the plaintiff is proceeding in forma pauperis, the Court is required to screen cases and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2).

Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard... applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9

2

1  (1989).

2  In reviewing a complaint under this standard, the Court must
3  accept as true the allegations of the complaint in question,
4  Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740
5  (1976), construe the pro se pleadings liberally in the light most
6  favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447
7  (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
8  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

9  If the Court determines that the complaint fails to state a
10  claim, leave to amend should be granted to the extent that the
11  deficiencies of the complaint can be cured by amendment. Lopez v.
12  Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A
13  complaint, or a portion thereof, should only be dismissed for
14  failure to state a claim upon which relief may be granted if it
15  appears beyond doubt that the Plaintiff can prove no set of
16  facts, consistent with the allegations, in support of the claim
17  or claims that would entitle him to relief. See Hishon v. King &
18  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355
19  U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log
20  Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981).
21  Dismissal of a pro se complaint for failure to state a claim is
22  proper only where it is obvious that the Plaintiff cannot prevail
23  on the facts that he has alleged and that an opportunity to amend
24  would be futile. Lopez v. Smith, 203 F.3d at 1128.

25  A claim is frivolous if it lacks an arguable basis either in
26  law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A
27  frivolous claim is based on an inarguable legal conclusion or a
28  fanciful factual allegation. Id. A federal court may dismiss a

1  claim as frivolous if it is based on an indisputably meritless
2  legal theory or if the factual contentions are clearly baseless.
3  <u>Id.</u>

4      The test for malice is a subjective one that requires the
5  Court to determine whether the applicant is proceeding in good
6  faith. <u>Kinney v. Plymouth Rock Squab. Co.</u>, 236 U.S. 43, 46
7  (1915); <u>see</u> <u>Wright v. Newsome</u>, 795 F.2d 964, 968 n. 1 (11th Cir.
8  1986). A lack of good faith is most commonly found in repetitive
9  suits filed by plaintiffs who have used the advantage of cost-
10 free filing to file a multiplicity of suits. A complaint may be
11 inferred to be malicious if it suggests an intent to vex the
12 defendants or abuse the judicial process by relitigating claims
13 decided in prior cases, <u>Crisafi v. Holland</u>, 655 F.2d 1305, 1309
14 (D.C.Cir. 1981); if it threatens violence or contains
15 disrespectful references to the Court, <u>id.</u>; or if it contains
16 untrue material allegations of fact or false statements made with
17 knowledge and an intent to deceive the Court, <u>Horsey v. Asher</u>,
18 741 F.2d 209, 212 (8th Cir. 1984).

19        B. <u>Plaintiff's Complaint</u>

20    In the complaint filed on August 29, 2008, Plaintiff sues
21 the Honorable Alan Simpson, Judge of the Fresno County Superior
22 court, and Jerry D. Casheros, who is alleged to have been counsel
23 (assumedly in the underlying state case or controversy) for one
24 Dr. Rich, alleging violations of the First and Fourteenth
25 amendments of the Constitution committed by Judge Simpson in his
26 capacity as a judge. (Cmplt. pp. 1-3.) Plaintiff describes a
27 civil lawsuit filed in the Fresno Superior Court in 2005 in which
28 Judge Simpson failed to permit amendment of the complaint to add

parties, who appeared to include Plaintiff. (Id. p. 3.) Plaintiff alleges that in making comments regarding dismissing the case if someone (unclear) was not represented by counsel, and in refusing to permit amendment of the complaint, Defendant Simpson neglected to perform a legal duty. (Id. at 4.) Further, after Plaintiff's appeal of some aspect of the case was completed, Plaintiff filed in 2008 a motion regarding costs and a document seeking to disqualify Judge Simpson on the grounds that he should not hear any of the proceedings because his judgment had been reviewed by an appellate court. (Id. pp. 5-6.) Plaintiff alleges that California statutory law requires Judge Simpson's disqualification; the judge and "defendants" acted in an intentionally discriminatory manner against Plaintiff because he was a pro se litigant and thereby violated the Equal Protection Clause of the Fourteenth Amendment and acted beyond the court's jurisdiction. Plaintiff also alleges that Judge Simpson misrepresented the status of the docket of the United States Supreme Court in an order. (Id. p. 9.)

Plaintiff alleges that in the state court action, Mr. Casheros did not respond to Plaintiff's motion for disqualification of the judge, motion to stay filed on July 14, 2008, and amended motion for disqualification; Judge Simpson ruled on Plaintiff's motions without Casheros's answer, and thus the judge and counsel conspired in violation of 42 U.S.C. § 1985(2).

Plaintiff seeks injunctive relief from this Court in the form of an order requiring Judge Simpson to disqualify himself from the case and declaring Judge Simpson's ruling on August 20,

5

2008, to be moot.

### C. Judicial Immunity

Judges and officers whose functions bear a close association to the judicial process are entitled to absolute judicial immunity from damage actions under 42 U.S.C. § 1983 for judicial acts taken within the jurisdiction of their courts. Demoran v. Witt, 781 F.2d 155, 156 (9th Cir. 1986). A judge loses judicial immunity for judicial acts only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. Shucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988). The factors relevant in determining whether an act is judicial "relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump v. Sparkman, 435 U.S. 349, 356-357, 362 (1978).

The scope of a judge's jurisdiction is construed broadly in the course of analysis of judicial immunity. Judicial immunity is not lost by allegations that a judge conspired with a third party, acted in error, acted maliciously, or acted in excess of his authority. As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies. Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986); Stump v. Sparkman, 435 U.S. 349, 356 (1978).

Here, despite Plaintiff's conclusional allegations that Defendant Simpson exceeded his jurisdiction, it is clear that the actions upon which Plaintiff bases his complaint are judicial acts within the context of a case and within the judicial

6

capacity.

Accordingly, the Court finds that Defendant Simpson has full judicial immunity with respect to the allegations of the complaint. Further, given the nature of the alleged conduct, it does not appear possible that Plaintiff could allege facts that would support liability.

### D. Lack of Subject Matter Jurisdiction

Appellate jurisdiction of state court judgments rests in the United States Supreme Court, 28 U.S.C. § 1257, not in the federal district court. The Rooker-Feldman doctrine derives its name from Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine provides that a federal district court is without subject matter jurisdiction to hear an appeal from the judgment of a state court. Bianchi v. Rylaarsdam, 334 F.3d 895, 896 (2003), cert. denied, Bianchi v. Rylaarsdam, 540 U.S. 1213, (2004). If claims raised in the federal court action are "inextricably intertwined" with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction. Bianchi v. Rylaarsdam, 334 F.3d at 898. A claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it, or if the relief requested in the federal action would effectively reverse the state court decision or void its ruling. Fontana Empire Center, LLC v. City

1  of Fontana, 307 F.3d 987, 992 (9th Cir. 2002).

2  The Rooker-Feldman doctrine is confined to cases brought by
3  state-court losers complaining of injuries caused by state-court
4  judgments rendered before the district court proceedings
5  commenced and inviting district court review and rejection of
6  those judgments. Exxon Mobil Corp. v. Saudi Basic Industries
7  Corp., 544 U.S. 280, 125 S.Ct. 1517, 1522 (2005). Rooker-Feldman
8  may apply where the plaintiff in federal court claims that the
9  state court did not have jurisdiction to render a judgment. See
10 Olson Farms, Inc. v. Barbosa, 134 F.3d 933, 936 (9th Cir. 1998).

11 It appears from Plaintiff's complaint that he is merely
12 seeking a review of a determinations made by the state court in
13 the course of the state court suit, or matters inextricably
14 intertwined with the state court judgment. This Court lacks
15 subject-matter jurisdiction to conduct such a review. Thus,
16 Plaintiff has failed to state a basis for jurisdiction in this
17 Court, and the matter should be dismissed.

18 III. Recommendation

19 Accordingly, it IS RECOMMENDED that Plaintiff's complaint BE
20 DISMISSED without leave to amend for failure to state a claim
21 upon which relief may be granted, and for failure to state
22 grounds for subject matter jurisdiction in this Court.

23 This report and recommendation is submitted to the United
24 States District Court Judge assigned to the case, pursuant to the
25 provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
26 Local Rules of Practice for the United States District Court,
27 Eastern District of California. Within thirty (30) days after
28 being served with a copy, any party may file written objections

with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 15, 2008**            /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE